IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE ALLEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CSP-SACRAMENTO,<br><br>　　　　Defendant. | No. 2:20-CV-0055-TLN-DMC-P<br><br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 20.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In the original complaint, Plaintiff named California State Prison – Sacramento (CSP-Sac.) as the only defendant. See ECF No. 1. In the first amended complaint, Plaintiff now names the following: (1) Carter; (2) Jones; (3) Cross; (4) Callahand; (5) DeLeon; (6) Sacay; (7) Stinson; (8) Roher; (9) Jinkerson; (10) Gemmet; (11) Lidge; (12) Saliman; (13) Ybarra; and (14) "John Doe." ECF No. 10, pgs. 1-5. Plaintiff no longer names CSP-Sac. as a defendant. See id.

Plaintiff states that he was admitted to the mental health crisis bed unit on May 20, 2013. See id. at 5. At the time, Plaintiff was in a "floridly psychotic and catatonic state." Id. According to Plaintiff, Defendant Saliman, a prison doctor, called an unknown correctional officer, named as "John Doe" in the first amended complaint. Id. Plaintiff states that the unknown correctional officer came to his cell door "and sprayed me with O.C. pepper spray in my face and genital areas then left leaving me in the cell with pepper spray all over me and my bed." Id. Plaintiff states he "continuously" asked for a shower and to have his bed cleaned, but was told "no." Id. Plaintiff does not state who he asked or who denied his requests. Plaintiff states he was left in this state for three days. See id.

Next, Plaintiff claims he was forcibly extracted from his cell on May 23, 2013. See id. at 8. According to Plaintiff, he was injured during the cell extraction, resulting in a loss of hearing on both ears. See id. Plaintiff states the following defendants are responsible for the cell extraction: Carter, Jones, Cross, Jinkerson, Callahand, DeLeon, Stinson, Sacay, Roher, and Ybarra. See id.

///

///

## II. DISCUSSION

The Court identifies the following three Eighth Amendment claims: (1) an excessive force claim related to pepper spray incident on May 20, 2013; (2) a claim based on denial of medical care following pepper spray incident; and (3) an excessive force claim related to cell extraction on May 23, 2013.  The Court finds Plaintiff has pleaded sufficient facts to proceed on the excessive force claim related to the pepper spray incident as against Defendants Gemmet and "John Doe" once the name of that individual is ascertained.  The Court also finds Plaintiff has pleaded sufficient facts to proceed on his claim related to the cell extraction as against Defendants Carter, Jones, Jinkerson, Callahand, DeLeon, Stinson, Sacay, Roher, and Ybarra.

Plaintiff has not, however, alleged sufficient facts to establish a causal connection between the remaining named defendants – Lidge and Saliman – and a constitutional violation to pass screening.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff claims that Defendant Saliman, who is alleged to be a prison doctor, called a correctional officer to Plaintiff's cell on May 20, 2013.  This contention is insufficient to establish a connection between Saliman and a constitutional or statutory violation.  Likewise, while Plaintiff has named Defendant Lidge in the first amended complaint, Plaintiff does not set forth any factual allegations to explain how this defendant violated his constitutional or statutory rights.  Plaintiff will be provided an opportunity to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  August 16, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE