1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL DEWAYNE ALLEN,                        No.  2:20-CV-0055-TLN-DMC-P

12                    Plaintiff,

13            v.                                    ORDER

14   CSP-SACRAMENTO,

15                    Defendant.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's second motion for the appointment of

19   counsel, ECF No. 32.

20            The United States Supreme Court has ruled that district courts lack authority to

21   require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22   Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26   on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27   complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28   dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

1    Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

2    of counsel because:

3            . . . Terrell demonstrated sufficient writing ability and legal knowledge to
             articulate his claim.  The facts he alleged and the issues he raised were not
4            of substantial complexity.  The compelling evidence against Terrell made it
             extremely unlikely that he would succeed on the merits.
5
             Id. at 1017.
6

7            In the present case, the Court does not at this time find the required exceptional

8    circumstances.  Plaintiff cites deteriorating mental health as the basis for appointment of counsel.

9    As with his first motion for the appointment of counsel, Plaintiff has not attached any

10   documentation to establish what, if any, functional limitations his mental health condition

11   imposes.  In this regard, the Court observes that Plaintiff has been able to articulate himself

12   sufficiently on his own.  Moreover, the issues involved in this case – whether Plaintiff was

13   subjected to cruel and unusual punishment when pepper spray was used during a May 2013 cell

14   extraction – are neither legally nor factually complex.  Finally, at this early stage of the

15   proceedings, before any defendant has appeared or any discovery has been conducted, the Court

16   cannot say that Plaintiff has any particular likelihood of success on the merits.

17           Accordingly, IT IS HEREBY ORDERED that Plaintiff's second request for the

18   appointment of counsel, ECF No. 32, is denied.

19

20   Dated:  September 14, 2021

21                                                      _____
                                                        DENNIS M. COTA
22                                                      UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                                     2