# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEWAYNE ALLEN,

  Plaintiff,

 v.

CARTER, et al.,

  Defendants.

No. 2:20-CV-0055-TLN-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On August 16, 2021, the Court dismissed Plaintiff's first amended complaint with leave to amend. See ECF No. 34. In doing so, the Court outlined Plaintiff's claims as follows:

> Plaintiff states that he was admitted to the mental health crisis bed unit on May 20, 2013. See id. at 5. At the time, Plaintiff was in a "floridly psychotic and catatonic state." Id. According to Plaintiff, Defendant Saliman, a prison doctor, called an unknown correctional officer, named as "John Doe" in the first amended complaint. Id. Plaintiff states that the unknown correctional officer came to his cell door "and sprayed me with O.C. pepper spray in my fact and genital areas then left leaving me in the cell with pepper spray all over me and my bed." Id. Plaintiff states he "continuously" asked for a shower and to have his bed cleaned, but was told "no." Id. Plaintiff does not state who he asked or who denied his requests. Plaintiff states he was left in this state for three days. See id.

///

1

Next, Plaintiff claims he was forcibly extracted from his cell on May 23, 2013. See id. at 8. According to Plaintiff, he was injured during the cell extraction, resulting in a loss of hearing on both ears. See id. Plaintiff states the following defendants are responsible for the cell extraction: Carter, Jones, Cross, Jinkerson, Callahand, DeLeon, Stinson, Sacay, Roher, and Ybarra. See id.

ECF No. 34, pg. 2.

The Court concluded Plaintiff's first amended complaint states cognizable claims against Defendant Gemmet related to the pepper spray incident and against Defendants Carter, Jones, Cross, Jinkerson, Callahand, DeLeon, Stinson, Sacay, Roher, and Ybarra related to the cell extraction. See id. at 3. The Court also found that Plaintiff's first amended complaint fails to state cognizable claims against Defendants Lidge and Saliman. See id.  The Court stated:

> Plaintiff has not, however, alleged sufficient facts to establish a causal connection between the remaining named defendants – Lidge and Saliman – and a constitutional violation to pass screening. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
> Here, Plaintiff claims that Defendant Saliman, who is alleged to be a prison doctor, called a correctional officer to Plaintiff's cell on May 20, 2013. This contention is insufficient to establish a connection between Saliman and a constitutional or statutory violation. Likewise, while Plaintiff has named Defendant Lidge in the first amended complaint, Plaintiff does not set forth any factual allegations to explain how this defendant violated his constitutional or statutory rights. Plaintiff will be provided an opportunity to amend.

ECF No. 34, pg. 3.

Plaintiff was provided an opportunity to file a second amended complaint to address the defects in his pleading as to Defendants Lidge and Saliman. See id. at 3-4. Plaintiff was cautioned that, if he failed to file a second amended complaint within the time provided, the action would proceed on the first amended complaint. See id. at 4. To date, Plaintiff has not filed

2

a second amended complaint and the Court now recommends dismissal of Defendants Lidge and Saliman for the reasons identified in the August 16, 2021, order. By separate order the Court will direct service on the remaining defendants.

   Based on the foregoing, the undersigned recommends that:

   1. Defendant Lidge and Saliman be dismissed for failure to state a claim; and

   2. This action proceed on the first amended complaint as to the following claims and defendants:

    a. Plaintiff's claim against Defendant Gemmet related to the pepper spray incident; and

    b. Plaintiff claims against Defendants Carter, Jones, Cross, Jinkerson, Callahand, DeLeon, Stinson, Sacay, Roher, and Ybarra related to the cell extraction.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 13, 2021

               DENNIS M. COTA
               UNITED STATES MAGISTRATE JUDGE

3