**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL DEWAYNE ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>V. GEMMET, et al.,<br><br>Defendants. | No. 2:20-CV-0055-TLN-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's third motion for the appointment of counsel, ECF No. 48.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff cites his "Enhanced Out Patient" level of care as the basis for appointment of counsel. As with his first and second motions for the appointment of counsel, Plaintiff has not attached any documentation to establish what, if any, functional limitations his mental health condition imposes. In this regard, the Court observes that Plaintiff has been able to articulate himself sufficiently on his own. Moreover, the issues involved in this case – whether Plaintiff was subjected to cruel and unusual punishment when pepper spray was used during a May 2013 cell extraction – are neither legally nor factually complex. Finally, at this early stage of the proceedings, before any defendant has answered or any discovery has been conducted, the Court cannot say that Plaintiff has any particular likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's third request for the appointment of counsel, ECF No. 48, is denied.

Dated: March 8, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE